**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay, Esq.
California Bar No. 250548
Law Office of Daniel G. Shay
409 Camino Del Rio South, Ste 101B
San Diego, CA  92108
Phone: 619-222-7429
Fax: 866-431-3292
danielshay@tcpafdcpa.com

**GREENWALD DAVIDSON RADBIL PLLC**
Jesse S. Johnson (to seek admission *pro hac vice*)
Florida Bar No. 0069154
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Phone: 561-826-5477
Fax: 561-961-5684
jjohnson@gdrlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLENE JONES, *on behalf of herself and others similarly situated*, <br><br> Plaintiff, <br><br>         vs. <br><br> TRANSWORLD SYSTEMS, INC., <br><br> Defendant. <br> _____ | Case No. <br><br> CLASS ACTION COMPLAINT <br><br> JURY TRIAL DEMANDED |

## Nature of this Action

1. Pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a), this Court has jurisdiction over this class action under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e).

3. It did so in response to "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which contributes "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

4. Recently, the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—explained: "Harmful debt collection practices remain a significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue." *See* Brief for the CFPB as Amicus Curiae, ECF No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf.

5. Of these complaints about debt collection practices, over one-third relate to debt collectors' attempts to collect debts that consumers do not owe. *See*

Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act—CFPB Annual Report 2015* at 13 (2015), http://files.consumerfinance.gov/f/201503_cfpb-fair-debt-collection-practices-act.pdf.

6. To combat this problem, the FDCPA requires that debt collectors send consumers "validation notices" containing certain information about their alleged debts and related rights "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." 15 U.S.C. § 1692g(a).

7. "[T]his validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Hernandez*, No. 14-15672, at 5 (quoting S. Rep. No. 95-382, at 4 (1977)).

8. Charlene Jones ("Plaintiff") alleges that Transworld Systems, Inc. ("Defendant") failed to disclose that the balance it alleged due may increase due to the accrual of interest or other fees, and, in so doing, communicated with Plaintiff in a misleading manner in connection with the collection of a consumer debt, in violation of the FDCPA.

9. Venue is proper in this Court under 28 U.S.C. § 1391(b), as some of the acts and transactions giving rise to Plaintiff's action transpired in this district, and as Defendant transacts business and is headquartered in this district.

## Parties

10. Plaintiff is a natural person who at all relevant times resided in the county of Thurston, Washington.

11. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

13. Defendant was at all relevant times engaged in the business of attempting to collect from Plaintiff a "debt" as defined by 15 U.S.C. § 1692a(5).

14. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

15. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## Factual Allegations

16. Plaintiff is obligated, or allegedly obligated, to pay a debt now owed or due, or asserted to be owed or due, a creditor other than Defendant—namely, a credit card through the Army & Air Force Exchange Service (the "Debt").

17. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due Army & Air Force Exchange Service arises from transactions in which the money, property, insurance, or services that are the subject of the transactions were incurred primarily for personal, family, or household purposes.

18. Upon information and belief, at the time Army & Air Force Exchange Service employed Defendant to collect the alleged Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

19. On March 7, 2016, Defendant sent Plaintiff a letter in an attempt to collect the Debt.

20. Upon information and good-faith belief, Defendant's letter was its initial written correspondence to Plaintiff in connection with the collection of the Debt.

21. A true and accurate copy of Defendant's March 7, 2016 letter to Plaintiff is attached as Exhibit A.

22. Defendant did not otherwise communicate with Plaintiff within the five days following its initial communication to her.

23. Defendant's March 7, 2016 letter listed the current balance due as $8,411.42, *see* Ex. A, but did not otherwise adequately disclose the nature of that balance, as required by 15 U.S.C. § 1692g(a)(1).

24. That is, the March 7, 2016 letter did not provide any information related to Defendant's determination of the balance alleged due, including the amount owed on the original obligation, any applicable interest charges or other fees, collection costs, or any other charge Defendant was attempting to collect on the alleged Debt. *See* Ex. A.

25. Upon information and good-faith belief, Defendant's March 7, 2016 communication to Plaintiff is based on a form or template that it uses to send initial communications to collect consumer debts in default.

26. On March 31, 2016, Plaintiff sent a letter via certified mail to Defendant disputing the alleged Debt.

27. Plaintiff paid approximately $6.47 in postage to mail the dispute letter to Defendant via certified mail.

28. Thereafter, on May 2, 2016, Defendant sent Plaintiff a second letter in an attempt to collect the Debt.

29. A true and accurate copy of Defendant's May 2, 2016 letter to Plaintiff is attached as Exhibit B.

30. The May 2, 2016 letter listed the balance of the Debt as $8,541.68—about $130 higher than the alleged balance due on March 7. *See* Ex. B.

31. Thus, Defendant's May 2 letter attempted to collect a different amount than it had in its first communication to Plaintiff on March 7. *Compare* Ex. A *with* Ex. B.

32. What's more, Defendant's May 2 letter failed to give an itemization of the Debt alleged to be owed, including the amount owed on the original obligation, any applicable interest charges or other fees, collection costs, or any other charge Defendant was attempting to collect on the alleged Debt. *See* Ex. B.

33. Finally, on May 9, 2016, Defendant sent Plaintiff a third letter in an attempt to collect the alleged Debt.

34. A true and accurate copy of the May 9, 2016 letter to Plaintiff is attached as Exhibit C.

35. In its May 9 letter, Defendant—for the first time—itemized the components of the total balance alleged due, which it sought to collect. *See* Ex. C.

36. The May 9 letter lists the principal balance as $6,961.97, interest charges of $213.04, collection charges of $1,366.67, for a total current balance due of $8,541.68. *See* Ex. C.

## Class Allegations

37. Plaintiff brings this action under Rule 23 of the Federal Rules of Civil Procedure, and on behalf of herself and others similarly situated.

38. Plaintiff seeks to represent the classes defined as:

> All persons (a) with a Washington or California address, (b) to whom Transworld Systems, Inc. mailed an initial debt collection communication, (c) within the year preceding the date of this complaint, (d) in connection with the collection of a consumer debt, and which did not disclose (1) whether interest was in fact accruing on the subject debt, and, if interest was accruing, the amount of interest due as of the date of the initial communication, or (2) the effective date as of which an amount would suffice to pay off the subject debt in full, or (3) the date as of which any unpaid accrued interest was calculated, or (4) the applicable interest rate.

39. The proposed class specifically excludes the United States of America, the States of California and Washington, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Ninth Circuit, the Justices of The United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

40. Upon information and good faith belief, the proposed class is so numerous that joinder of all members is impracticable.

41. The exact number of the members of the proposed class is unknown at this time, but can, upon information and good faith belief, be ascertained through appropriate discovery.

42. Upon information and good faith belief, the proposed class is ascertainable in that the names and addresses of all members of the proposed classes can be identified by Defendant's business records.

43. There exists a well-defined community of interest in questions of law and fact that affect all members of the proposed class.

44. Common questions of law and fact predominate over questions that may affect individual members of the proposed class.

45. These common questions of law and fact include, but are not limited to:

- Whether Defendant's initial debt collection communications failed to contain disclosures required by the FDCPA;

- Whether Defendant's debt collection communications failed to disclose that the balance alleged due may increase due to interest and other fees;

- Whether Defendant's debt collection communications included language that is false, deceptive, or misleading;

- Whether Defendant is a "debt collector" as defined by the FDCPA;

- The availability of statutory penalties under the FDCPA;

- The availability of attorneys' fees under the FDCPA; and

- The availability of costs under the FDCPA.

46. Plaintiff's claims are typical of those of the members of the proposed classes.

47. Plaintiff's claims, and the claims of the members of the proposed class, originate from the same conduct, practice, and procedure on the part of Defendant.

48. If brought and prosecuted individually, the claims of each member of the proposed class would require proof of the same material and substantive facts.

49. Plaintiff possesses the same interests and has suffered the same injuries as the members of the proposed class.

50. Plaintiff asserts identical claims, and seeks the same relief, for both herself and the members of the proposed class.

51. Plaintiff will fairly and adequately protect the interests of the members of the proposed class.

52. Plaintiff has no interest that directly and irrevocably conflicts with the interests of other members of the proposed class.

53. Plaintiff is willing and prepared to serve this Court and the members of the proposed class.

54. Plaintiff's interests are co-extensive with, and not directly antagonistic to, those of the members of the proposed class.

55. Plaintiff has retained the services of counsel who are experienced in both consumer protection claims and complex class action litigation.

56. Plaintiff's counsel will vigorously prosecute this action, and will assert, protect, and otherwise represent both Plaintiff and all absent members of the proposed class.

57. The prosecution of separate actions by individual members of the proposed class may create a risk of inconsistent or varying adjudications with respect

to individual members of the proposed class, which could establish incompatible standards of conduct for Defendant.

58. These incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the proposed class.

59. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the members of the proposed class, making final declaratory or injunctive relief appropriate.

60. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the proposed class predominate over any questions affecting only individual members of the proposed class.

61. A class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this complaint in that:

- Individual members of the proposed class are unlikely to have an interest in prosecuting and controlling separate individual actions; and

- The concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

# Count I
# Violation of 15 U.S.C. § 1692g(a)(1)

62. Plaintiff incorporates the allegations contained in paragraphs 1-61 above.

63. The FDCPA at section 1692g(a) provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

64. Defendant violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully disclose the amount of the alleged Debt through its March 7, 2016 initial communication with Plaintiff, or within five days thereof.

65. As the Seventh Circuit explained, "[t]he unpaid principal balance is not the debt; it is only part of the debt; the Act requires a statement of the debt." *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 875-76 (7th Cir. 2000). "The debt," accordingly, includes any "interest and other charges as well as principle." *Id.*

66. Acknowledging this, district courts in this circuit and throughout the country have held that to properly state "the amount of the debt," a debt collector must disclose: (1) "whether interest is in fact accruing, and, if interest is accruing, the amount of interest due on the date the [] letter was sent," *Dupuy v. Weltman, Wienberg & Reis Co.*, 442 F. Supp. 2d 822, 827 (N.D. Cal. 2006); (2) "the effective date as of which [an] amount would suffice to pay off the debt in full," *Dragon v. I.C. Sys., Inc.*, 483 F. Supp. 2d 198, 202 (D. Conn. 2007); (3) "the date as of which the unpaid accrued interest was calculated," *Smith v. Lyons, Doughty & Veldhuius, P.C.*, No. CIV.A. 07-5139, 2008 WL 2885887, at *6 (D.N.J. July 23, 2008); and (4) the "applicable interest rate." *Jones v. Midland Funding, LLC*, 755 F. Supp. 2d 393, 397 (D. Conn. 2010), *adhered to on reconsideration*, No. 3:08-CV-802 RNC, 2012 WL 1204716 (D. Conn. Apr. 11, 2012)

67. These courts held as much with the understanding that a debt collector does not comply with Section 1692g "merely by inclusion of the required debt validation notice; the notice Congress required must be conveyed effectively to the debtor." *Swanson v. S. Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988).

68. Defendant did not disclose, through its March 7 communication with Plaintiff, or within five days thereof, (i) whether interest was in fact accruing, and, if interest was accruing, the amount of interest due as of the date of its initial communication, (ii) the effective date as of which an amount would suffice to pay off the alleged Debt in full, (iii) the date as of which any unpaid accrued interest was calculated, or (iv) the applicable interest rate, if any.

69. Upon reviewing the March 7 communication, Plaintiff was not aware that the alleged debt Defendant sought to collect was accruing interest or other charges.

70. The harm suffered by Plaintiff is particularized in that the violative debt collection letter at issue was sent to her personally, regarded her personal alleged debt, and was materially misleading under the FDCPA. Likewise, Defendant's actions created a concrete harm in that they constituted a debt collection practice that Congress prohibited because such practice is likely to mislead consumers, causing them to misunderstand the amount of the debt alleged to be owed, and potentially

causing lost opportunities to dispute or settle the debt. In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm.

## Count II
## Violation of 15 U.S.C. § 1692e(10)

71. Plaintiff incorporates the allegations contained in paragraphs 1-61 above.

72. The FDCPA at section 1692e(10) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*   \*   \*

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(10).

73. The Ninth Circuit explained that "it is well established that '[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate.'" *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir. 2006)); *see also Snyder v. Daniel N. Gordon, P.C.*, No. C11-1379 RAJ, 2012 WL 3643673, *3 (W.D. Wash. Aug. 24, 2012) ("On one hand, an

unsophisticated consumer could reasonably conclude that the balance was a fixed amount that would not be subject to further interest, late fees, or other charges. On the other, an unsophisticated consumer could just as reasonably determine that the balance would continue to grow over time as interest accrued. One of those meanings would necessarily be inaccurate. Therefore, the court finds that [the defendant's] letters were deceptive as a matter of law."); *Michalek v. ARS Nat. Sys., Inc.*, No. 3:11-CV-1374, 2011 WL 6180498, at *4 (M.D. Pa. Dec. 13, 2011) (explaining that because the defendant's debt collection letter was "subject to two different interpretations as to the accumulation of interest," it was "deceptive under § 1692(e)(10).").

74. Sending a collection notice that simply states a consumer's "Current Balance Due," *see* Exs. A, B, but does not disclose that the balance may increase due to interest or others fees, is a "false, misleading, or deceptive" practice prohibited by section 1692e. *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

75. Defendant violated 15 U.S.C. § 1692e(10) by sending Plaintiff debt collection communications that stated the current balance of the alleged debt, but did not disclose that the balance might increase due to interest or other fees. *See id.* ("The collection notices at issue here stated only the "current balance" but did not disclose

that the balance might increase due to interest and fees. Thus, Plaintiff has stated a claim that these notices were "misleading" within the meaning of Section 1692e.").

76. The March 7 letter stated a current balance due of $8,411.42 but nowhere disclosed that such balance may increase due to the accrual of interest charges or other fees. *See* Ex. A.

77. Two months later, the May 2 letter again stated only a current balance due of $8,541.68—notably, about $130 higher than the balance listed in the prior letter—but nowhere disclosed that such balance may increase due to additional fees or charges. *See* Ex. B.

78. Defendant violated § 1692e(10) by using a false, deceptive, or misleading representation, as its March 7 and May 2 letters to Plaintiff can be reasonably read to have two or more different meanings, one of which is inaccurate.

79. In particular, on one hand the least sophisticated consumer could conclude that the "Current Balance Due" referenced by Defendant's March 7 and May 2 letters was a fixed amount that would not be subject to further interest, late fees, or other charges.

80. On the other hand, the least sophisticated consumer could conclude that the "Current Balance Due" referenced by Defendant's March 7 and May 2 letters would continue to grow over time as interest accrued.

81. By comparison, in its May 9 letter, Defendant for the first time itemized the current balance due of $8,541.68 into three component parts: principal of $6,961.97; interest of $213.04; and a collection charge of $1,366.67. *See* Ex. C.

82. However, despite that itemization, Defendant still failed to disclose whether interest would continue to accrue—and if so, by how much—or whether the collection charge might increase over time if the amount due was not paid.

83. Thus, by way of its March 7, May 2, and May 9 written communications to Plaintiff, Defendant violated § 1692e(10) for using false, deceptive, and misleading representations in its attempts to collect the alleged Debt from Plaintiff.

84. Upon reviewing the communications from Defendant, Plaintiff was not aware that the alleged debt Defendant sought to collect had been accruing, and was continuing to accrue, interest or other charges.

85. The harm suffered by Plaintiff is particularized in that the violative debt collection letters at issue were sent to her personally, regarded her personal alleged debt, and were materially misleading under the FDCPA. Likewise, Defendant's actions created a concrete harm in that they constituted a debt collection practice that Congress prohibited because such practice is likely to mislead consumers, causing them to misunderstand the amount of the debt alleged to be owed, and potentially causing lost opportunities to dispute or settle the debt. In addition, Defendant's

actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm.

## Trial by Jury

86. Plaintiff requests a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

a) Determining that this action is a proper class action under Fed. R. Civ. P. 23;

b) Certifying Plaintiff as a class representative;

c) Appointing Plaintiff's counsel as class counsel;

d) Adjudging and declaring that Defendant violated 15 U.S.C. § 1692g(a)(1) and 15 U.S.C. § 1692e(10);

e) Awarding Plaintiff, and members of the proposed class, statutory damages;

f) Awarding members of the proposed class actual damages, if any;

g) Awarding Plaintiff, and members of the proposed class, injunctive and declaratory relief;

h) Awarding Plaintiff, and members of the proposed class, reasonable attorneys' fees and costs incurred in this action;

i) Awarding Plaintiff, and members of the proposed class, any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding other and further relief as this Court may deem just and proper.

Dated: November 3, 2016          Respectfully submitted,

*/s/ Daniel G. Shay*
Daniel G. Shay
California Bar No. 250548
Law Office of Daniel G. Shay
409 Camino Del Rio South, Ste 101B
San Diego, CA 92108
Phone: 619-222-7429
Fax: 866-431-3292
danielshay@tcpafdcpa.com

Jesse S. Johnson (*pro hac vice* application to follow)
Greenwald Davidson Radbil PLLC
5550 Glades Rd, Suite 500
Boca Raton, FL 33431
Phone: (561) 826-5477
Fax: (561) 961-5684
jjohnson@gdrlawfirm.com